**STATE of Missouri, Respondent,**

v.

**John ROWE, Appellant.**

**No. SC 83880.**

Supreme Court of Missouri,
En Banc.

Jan. 8, 2002.

648

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Assistant Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

John Rowe, an Iowa resident who had his driver's license cancelled in Iowa, appeals his conviction under section 302.321 [1] for driving in Missouri when his license or driving privilege "has been canceled, suspended or revoked under the laws of this state...." The state asks this Court to construe the statutory words "under the laws of this state" to include the laws of Iowa.

1. All references are to RSMo 2000 unless

The meaning of the statute's words is plain. They cannot be construed to mean anything other than what they say. Rowe's conviction is reversed, and the case is remanded.

**The Case Against Rowe**

On October 2, 1999, Rowe pulled his car off the road onto a shoulder near a checkpoint that police in Clark County were operating at the intersection of two highways. Police saw Rowe get out of the car and a passenger, later identified as his wife, move over into the driver's seat. The officers arrested Rowe for driving without a valid license.

The state charged Rowe with the class D felony that is included in section 302.321: driving while his license was canceled, suspended or revoked, after multiple prior such offenses. At trial, Rowe's Iowa driving record was admitted. The Iowa record showed that he was barred from having a driver's license because he was a habitual offender and that his license had been indefinitely suspended and revoked. Section 302.321.2 makes the offense a class D felony where there are multiple instances of driving while revoked. The jury found Rowe guilty of the class D felony and, upon the jury's recommendation, the trial court sentenced Rowe to three years in prison and a fine of $1,000.

Rowe appealed. This Court granted transfer after opinion by the court of appeals. We have jurisdiction. Mo. Const. art. V, sec. 10.

**The Law**

The statute under which Rowe was convicted, section 302.321.1, provides:

A person commits the crime of driving while revoked if he operates a motor vehicle on a highway when his license or driving privilege has been canceled, sus-

otherwise specified.

pended or revoked *under the laws of this state* and acts with criminal negligence with respect to knowledge of the fact that his driving privilege has been canceled, suspended or revoked. (Emphasis added.) [2]

Rowe's sole contention on appeal is that his license was not canceled, suspended, or revoked "under the laws of this state" and, thus, he cannot be found guilty of the felony offense set forth in section 302.321. Rowe apparently concedes that he had no privilege to drive on Missouri roads and that he violated section 302.020, a misdemeanor offense of driving without a valid license.[3]

Missouri extends to residents of other states the privilege of driving here. Section 302.080. Missouri participates in the "Driver License Compact" with other states; the policy of the compact is to make "reciprocal recognition of licenses" and to help achieve compliance with motor vehicle laws of the participating states. Section 302.600. But nowhere in the compact or other statutes is a provision that includes the laws of another state in the phrase "under the laws of this state."

Section 302.321.1 would mean precisely what the state says it means if the phrase "under the laws of this state" were omitted. If that were the case, Rowe would be guilty of driving while his license was canceled, suspended or revoked regardless of which state's licensing agency took away his license. The state wants this Court to construe the statute to achieve this result. Courts apply certain guidelines to interpretation, sometimes called rules or canons of statutory construction, when the meaning is unclear or there is more than one possible interpretation.[4] When the words are clear, there is nothing to construe beyond applying the plain meaning of the law. *State ex rel. Missouri Pacific Railroad v. Koehr*, 853 S.W.2d 925, 926 (Mo. banc 1993).

Despite the phrase "under the laws of this state," it seems unlikely that the Missouri legislature intended to let out-of-state drivers with multiple offenses suffer only the consequences of a misdemeanor for driving after revocation while subject-

---

**2.** Section 302.321.2 provides that a violation is a class A misdemeanor but enhances the offense to a class D felony where there are multiple driving while revoked offenses. Section 302.321.2 provides:

Any person convicted of driving while revoked is guilty of a class A misdemeanor. Any person with no prior alcohol-related enforcement contacts as defined in section 302.525, convicted a fourth or subsequent time of driving while revoked and any person with a prior alcohol-related enforcement contact as defined in section 302.525, convicted a third or subsequent time of driving while revoked is guilty of a class D felony. No court shall suspend the imposition of sentence as to such a person nor sentence such person to pay a fine in lieu of a term of imprisonment, nor shall such person be eligible for parole or probation until he has served a minimum of forty-eight consecutive hours of imprisonment, unless as a condition of such parole or probation, such person performs at least ten days involving at least forty hours of community service under the supervision of the court in those jurisdictions which have a recognized program for community service. Driving while revoked is a class D felony on the second or subsequent conviction pursuant to section 577.010, RSMo, or a fourth or subsequent conviction for any other offense.

**3.** Section 302.020.1 provides in pertinent part:

Unless otherwise provided for by law, it shall be unlawful for any person, except those expressly exempted by section 302.080, to: (1) Operate any vehicle upon any highway in this state unless he has a valid license; ...

**4.** *See generally*, Karl Llewellyn, *Remarks on the theory of Appellate Decision and the Rules or Canons About How Statutes Are to be Construed*, 3 VAND. L.REV. 395, 398–406 (1950).

ing Missouri drivers to a felony for the same act. Legislative intent can only be derived from the words of the statute itself. *Spradlin v. City of Fulton,* 982 S.W.2d 255, 258 (Mo.1998).

■ Courts do not have the authority to read into a statute a legislative intent that is contrary to its plain and ordinary meaning. *Kearney Special Rd. Dist. v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993). The legislature may wish to change the statute to cover out-of-state multiple-offense drivers such as Rowe. But this Court, under the guise of discerning legislative intent, cannot rewrite the statute.

■ This is not an application of the rule of lenity. The rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation. *See State v. Stewart,* 832 S.W.2d 911, 912 (Mo.1992) citing *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). There is no ambiguity in the words of the statute.

## Conclusion

Rowe's license or driving privilege has not been "canceled, suspended, or revoked under the laws of this state;" thus, he cannot be found guilty of violating section 302.321. The judgment of the circuit court is reversed, and the case is remanded.

All concur.