

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,       )
      )
          Respondent,       )
      )
vs.       )       No. SC94554
      )
GARY LELAND COLEMAN,       )
      )
          Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF CALLAWAY COUNTY
Honorable Kevin M.J. Crane, Judge

*Opinion issued June 16, 2015*

Gary Coleman appeals from his conviction of one count of second-degree robbery, section 569.030,[1] on grounds that there was insufficient evidence that he forcibly stole money from a bank. The judgment is affirmed.

<u>Facts</u>

In October 2012, Mr. Coleman walked into a bank, rested his forearm on the counter, handed the bank teller a plastic grocery sack, and said, "I need you to do me a favor. Put the money in this bag." The teller placed $1,472 in the bag. An assistant manager approached Mr. Coleman. Mr. Coleman told her, "Ma'am, stop where you are and don't move any farther." The assistant manager complied. Mr. Coleman took the

---

[1] All statutory citations are to RSMo 2000.

bag of money and ran out of the bank. The entire encounter lasted approximately 45 seconds. Mr. Coleman was arrested in Texas and extradited to Missouri. Mr. Coleman admitted to police that he was the man in the bank surveillance photographs and that he had taken the money from the bank.

Mr. Coleman was charged as a persistent offender with one count of second-degree robbery pursuant to section 569.030.1. Mr. Coleman waived his right to a jury trial. He was tried by the court and found guilty as charged. The court sentenced Mr. Coleman as a persistent offender to a term of ten years imprisonment.

Mr. Coleman appeals. In his only point on appeal, Mr. Coleman argues that there was insufficient evidence to support his conviction for second-degree robbery because he did not forcibly steal the money through the use or threatened use of force.

## Standard of Review

Appellate review of a claim that there is insufficient evidence to support a conviction "is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Stover*, 388 S.W.3d 138, 146 (Mo. banc 2012) (quoting *State v. Oliver*, 293 S.W.3d 437, 444 (Mo. banc 2009)). In applying this standard, "the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary." *Id*.

## Analysis

Section 569.030 provides in pertinent part: "A person commits the crime of robbery in the second degree when he forcibly steals property." A person "forcibly

steals" if "in the course of stealing … he uses or threatens the immediate use of physical force upon another person for the purpose of" either defeating resistance to the theft or compelling the surrender of the property. Section 569.010(1). Therefore, to support a second-degree robbery conviction, there must be evidence establishing beyond a reasonable doubt that the defendant used physical force or threatened someone with the immediate use of physical force to accomplish the theft.

Mr. Coleman argues that there is insufficient evidence that he forcibly stole the money because he neither threatened nor attempted to threaten the bank teller or the assistant manager. Mr. Coleman asserts that he simply walked into the bank, asked for money and then left the bank once the teller gave him the bag of money.

In *State v. Brooks*, 446 S.W.3d 673, 676-77 (Mo. banc 2014), this Court held that there was sufficient evidence to support a conviction for second-degree robbery because the defendant walked into a bank wearing sunglasses, slammed his hand on the counter, demanded money and told the teller to "get back here" when she went to retrieve money from a drawer at the drive-through window. Mr. Coleman asserts that his case is distinguishable from *Brooks* because, unlike the defendant in *Brooks*, Mr. Coleman did not make any threatening physical gestures or raise his voice in a threatening manner. Mr. Coleman accurately describes the factual distinctions between this case and *Brooks*, but these distinctions do not dictate a different result.

First, as this Court recognized in *Brooks*, determining the existence of a threat is an objective test that depends on whether a reasonable person would believe the defendant's conduct was a threat of the immediate use of physical force. *Id.* at 676.

3

Banks are regular targets of robberies, and bank employees have a heightened awareness of security threats. *Id.* A demand for money in that context is an implicit threat of the use of force in and of itself. *Id.,* citing *United States v. Gilmore,* 282 F.3d 398, 402–03 (6th Cir. 2002) (stating that oral or written demands for money in a bank "carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result").

Second, whether such an implicit threat would itself be sufficient depends on the facts of the case. Here, when viewed in context, they provide further evidence that Mr. Coleman forcibly stole the money by means of an actual or attempted threat. Mr. Coleman approached the bank teller, kept one hand concealed, demanded money to which he had no lawful right, and directed the branch manager not to move any farther when she approached to investigate the situation. These facts and the inferences from those facts support the conclusion that a reasonable person would perceive Mr. Coleman's actions as threatening and, as a result, would comply with his directive to place the money in the bag. To hold otherwise, this Court would have to hold that the only reasonable inference that could be drawn was that Mr. Coleman's actions were nothing more than a mere request for some of the bank's money. There was sufficient evidence to support the conviction.

Mr. Coleman also argues that *Brooks* should be overruled because the case stands for the proposition the every theft of money from a bank constitutes second-degree robbery. Neither *Brooks* nor this case holds that all thefts of money from a bank necessarily involve forcible stealing and, therefore, constitute robbery. Instead, these

4

cases recognize that context matters. The objective circumstances attending the unlawful demand of money from a bank are often such that there is a strong implication of a threat. As in *Brooks*, the fundamental problem with Mr. Coleman's version of events is that it contradicts the facts and inferences from those facts that were found by the trial court acting in its capacity as the finder of fact. To adopt Mr. Coleman's version of events, this Court would have to hold that the trial court's finding that Mr. Coleman forcibly stole the money by means of an actual or attempted threat is unsupported by the record and rests on forced or speculative inferences. This Court declines to do so.

Conclusion

There was sufficient evidence supporting the trial court's finding that Mr. Coleman committed the crime of robbery in the second-degree because he forcibly stole the money by threatening the immediate use of physical force for the purpose of both defeating resistance to the theft of the money and compelling its surrender.

The judgment is affirmed.

_____
Richard B. Teitelman, Judge

Russell, C.J., Fischer, Draper, and
Wilson, JJ., concur; Breckenridge, J.
dissents in separate opinion filed;
Stith, J., concurs in opinion of
Breckenridge, J.



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,         )
)
        Respondent,    )
)
v.                )     No.  SC94554
)
GARY LELAND COLEMAN,    )
)
        Appellant.    )

### DISSENTING OPINION

I respectfully dissent from the holding of the majority opinion that there is sufficient evidence to prove that Gary Coleman forcibly stole money from a bank. He is charged with committing the class B felony of robbery in the second degree in violation of section 569.030,[1] which provides that "[a] person commits the crime of robbery in the second degree when he forcibly steals property." The element of that crime at issue in this case is the term "forcibly steals." The definition of "forcibly steals" is found in section 569.010(1):

> [A] person "forcibly steals", and thereby commits robbery, when, in the course of stealing, . . . he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to the retention therefore immediately after the taking; or

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2000.

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]

There is no claim that Mr. Coleman actually used physical force on another person to effectuate the stealing of money from the bank. Rather, the majority opinion finds that Mr. Coleman's conduct of keeping one hand concealed,[2] demanding money to which he had no lawful right, and directing the branch manager not to move any farther is sufficient evidence that his conduct was an actual or attempted threat that he would use physical force. In so holding, it finds that "a reasonable person would perceive his actions as threatening and, as a result, would comply with his directive to place the money in the bag."

I agree that any victim of a bank robbery would reasonably be in fear that the victim is in danger and, while the bank robbery is in progress, there was an ongoing, inherent threat that Mr. Coleman would decide to use force. That reasonable perception is supported by reports of countless crimes in which the perpetrators needlessly decide to injure or kill victims and bystanders during the commission of robberies. The reasonable perception that a victim is in danger of the use of force during a robbery is not sufficient, however, to meet the requirement of section 569.010(1) that the defendant "uses or threatens the *immediate* use of *physical force* upon another person." (Emphasis added).

The dictionary defines "physical" as "of or relating to the body," Webster's Third New International Dictionary 1706 (1993), and "force" as "power, violence, compulsion,

---

[2] When asked at trial where Mr. Coleman's hands were, the bank teller stated, "The one was above the counter and the other was below." The majority opinion characterizes this evidence as Mr. Coleman keeping his hand "concealed."

2

or constraint exerted upon or against a person or thing," *id.* at 887. The dictionary definition of "immediate" is "occurring, acting, or accomplished without loss of time: made or done at once: INSTANT." *Id.* at 1129. Mr. Coleman's conduct of having his hand below the counter, demanding money to which he has no lawful right, and directing the branch manager not to move any farther is insufficient to prove that he threatened immediate use of power, violence, compulsion or constraint [against the bank teller or branch manager]. Therefore, there was insufficient evidence that he threatened the "immediate" use of "physical force," which was required to convict him.[3]

The effect of finding that there is insufficient evidence that Mr. Coleman forcibly stole the money from the bank is that he would be guilty of only the lesser-included crime of stealing. *See* section 570.030, RSMo Supp. 2012. While it seems unlikely that the legislature would intend that a bank robber be guilty only of stealing, this Court must determine the intent of the legislature from the plain and ordinary meaning of the words the legislature used in the statute. *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010). In other words, this Court must enforce the laws as the legislature writes them and cannot

---

[3] In *State v. Brooks*, this Court found sufficient evidence to support a conviction of robbery in the second degree when the defendant walked into a bank wearing a disguise, handed the teller a note that read "50 & 100's, No Bait Bills, Bottom Drawer," and slammed his hand down on the bank counter while telling the teller to "get back here." 446 S.W.3d 673, 676-77 (Mo. banc 2014). Specifically, the Court found the defendant's slamming his hand forcefully on the counter "could be considered a threat of immediate physical force to [the teller] should she refuse to comply." *Id.* at 677. Unlike in *Brooks*, there is no evidence supporting a finding that there was a threat of immediate physical force. While the majority opinion states that the sufficiency of a threat depends on the facts of a particular case, its finding of sufficient evidence in this case would essentially lead to a finding of forcible stealing in any theft of money from a bank without requiring evidence of a threat of the immediate use of physical force.

3

rewrite a law based on the Court's belief of the legislature's intent that is contrary to the plain and ordinary meaning of the law. *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). Accordingly, I would find that Mr. Coleman's conviction for the class B felony of robbery in the second degree should be reversed for insufficient evidence. I would further hold that Mr. Coleman is guilty of the lesser-included offense of the class B felony of stealing and remand his case for sentencing on that crime.

_____
PATRICIA BRECKENRIDGE, JUDGE

4