*356 PATRICIA BRECKENRIDGE, JUDGE,
DISSENTING
I respectfully dissent from the holding of the majority opinion that there is sufficient evidence to prove that Gary Coleman forcibly stole money from a bank. He is charged with committing the class B felony of robbery in the second degree in violation of section 569.030,[1] which provides that “[a] person commits the crime of robbery in the second degree when he forcibly steals property.” The element of that crime at issue in this case is the term “forcibly steals.” The definition of “forcibly steals” is found in section 569.010(1):
[A] person “forcibly steals”, and thereby' commits robbery, when, in the course of stealing, ... he uses or threatens the immediate use of physical force upon another person for the purpose of:
(a) Preventing or overcoming resistance to the taking of the property or to the retention therefore immediately after the taking; or
(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft[.]
There is no claim that Mr. Coleman actually used physical force on another person to effectuate the stealing of money from the bank. Rather, the majority opinion finds that Mr. Coleman’s conduct of keeping one hand concealed,[2] demanding money to which he had no lawful right, and directing the branch manager not to move any farther is sufficient evidence that his conduct was an actual or attempted threat that he would use physical force. In so holding, it finds that “a reasonable person would perceive his actions as threatening and, as a result, would comply with his directive to place the money in the bag.”
I agree that any victim of a bank robbery would reasonably be in fear that the victim is in danger and, while the bank robbery is in progress, there was an ongoing, inherent threat that Mr. Coleman would decide to use force. That reasonable perception is supported by reports of countless crimes in which the perpetrators needlessly decide to injure or kill victims and bystanders during the commission of robberies. The reasonable perception that a victim is in danger of the use of force during a robbery is not sufficient, however, to meet the requirement of section 569.010(1) that the defendant “uses or threatens the immediate use of physical force upon another person.” (Emphasis added).
The dictionary defines “physical” as “of or relating to the body,” Webster’s Third New International Dictionary 1706 (1993), and “force” as “power, violence, compulsion, or constraint exerted upon or against a person or thing,” id. at 887. The dictionary definition of “immediate” is “occurring, acting, or accomplished without loss of time: made or done at once: INSTANT.” Id. at 1129. Mr. Coleman’s conduct of having his hand below the counter, demanding money to which he has no lawful right, and directing the branch manager not to move any farther is insufficient to prove that he threatened immediate use of power, violence, compulsion or constraint [against the bank teller or branch manager]. Therefore, there was insufficient evidence that he threatened the “im *357 mediate” use of “physical force,” which was required to convict him.[3]
The effect of finding that there is insufficient evidence that Mr. Coleman forcibly stole the money from the bank is that he would be guilty of only the lesser-included crime of stealing. See section 570.030, RSMo Supp.2012. While it seems unlikely that the legislature would intend that a bank robber be guilty only of'stealing, this Court must determine the intent of the-legislature from the plain and ordinary meaning of the words the legislature used in the statute. State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010). In other words, this Court must enforce the laws as the legislature writes them and cannot rewrite a law based on the Court’s belief of the legislature’s intent that is contrary to the plain and ordinary meaning of the law. State v. Rowe, 63 S.W.3d 647, 650 (Mo. banc 2002). Accordingly, I would find that Mr. Coleman’s conviction for the class B felony of robbery in the second degree should be reversed for insufficient evidence. I would further hold that Mr. Coleman is guilty of the lesser-included offense of the class B felony of stealing and remand his case for sentencing on that crime.

. Unless otherwise indicated, all statutory references are to RSMo 2000.

. When asked at trial where Mr. Coleman’s hands were, the bank teller stated, "The one was above the counter and the other was below.” The majority opinion characterizes this evidence as Mr. Coleman keeping his hand "concealed.”

. In State v. Brooks, this Court found sufficient evidence to support a conviction of robbery in the second degree when the defendant walked into a bank wearing a disguise, handed the teller a note that read "50 & 100’s, No Bait Bills, Bottom Drawer,” and slammed his hand down on the bank counter while telling the teller to "get back here.” 446 S.W.3d 673, 676-77 (Mo. banc 2014). Specifically, the Court found the defendant’s slamming his hand forcefully on the counter "could be considered a threat of immediate physical force to [the teller] should she refuse to comply.” Id. at 677. Unlike in Brooks, there is no evidence supporting a finding that there was a threat of immediate physical force. While the majority opinion states that the sufficiency of a threat depends on the facts of a particular case, its finding of sufficient evidence in this case would essentially lead to a finding of forcible stealing in any theft of money from a bank without requiring evidence of a threat of the immediate use of physical force.