

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | *Opinion issued January 30, 2024* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC100041 |
| | ) | |
| DAVID SCOTT NOWICKI, | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF SALINE COUNTY**
The Honorable Hugh Craig Harvey, Judge

David Scott Nowicki appeals his conviction for driving while intoxicated for which he was sentenced as a chronic offender. Nowicki argues the state failed to prove beyond a reasonable doubt that he was a chronic offender and, therefore, subject to a sentence enhancement. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution. Because the evidence was insufficient to prove beyond a reasonable doubt that each of Nowicki's prior convictions was an intoxication-related traffic offense ("IRTO"), the circuit court's judgment is vacated, and the case is remanded for resentencing.

## BACKGROUND

On March 21, 2019, at approximately 2:40 a.m., Sergeant Dunfee of the Missouri State Highway Patrol ("MSHP") saw a vehicle partially off the roadway and in a ditch

just off Interstate 70 in Saline County. Sergeant Dunfee stopped to help and found Nowicki unconscious behind the wheel. Sergeant Dunfee knocked on the car window, and Nowicki regained consciousness. Nowicki could not explain to Sergeant Dunfee how he ended up in the ditch. Sergeant Dunfee contacted MSHP Trooper Stevens and together they administered several field sobriety tests to Nowicki. After completing the tests, Sergeant Dunfee concluded Nowicki was impaired and arrested him. Trooper Stevens brought Nowicki to a local hospital for treatment. After being advised of his rights, Nowicki refused to submit to a chemical test of his blood.

At about 5 a.m., Trooper Stevens transported Nowicki to the Saline County jail. During his initial booking interview, Nowicki admitted he had been driving the vehicle but denied drinking or using drugs within the last 72 hours. Trooper Stevens contacted MSHP Sergeant Dillon, a drug impairment recognition expert, and explained what she had observed from the field sobriety tests. Sergeant Dillon concluded Nowicki was under the influence of a narcotic analgesic.

A jury trial was scheduled for June 22, 2021, to determine whether Nowicki was guilty of driving while intoxicated.[1] Pursuant to section 577.023.2,[2] before the jury trial began, the circuit court was required to determine whether, in the event the jury found Nowicki guilty of driving while intoxicated, Nowicki would be subject to an enhanced

---

[1] Before the trial, Nowicki pleaded guilty to the related charges of failing to drive on the right half of the roadway and operating a motor vehicle without maintaining financial responsibility.

[2] All statutory references are to RSMo 2016 unless otherwise noted.

2

sentence due to prior convictions that qualified as IRTOs. The state sought to prove that Nowicki had four prior convictions in 1986, 1990, 1994, and 2005, and that each of these qualified as an IRTO. As a result, the state contended Nowicki should be sentenced as a chronic offender as defined in section 577.001(5), RSMo Supp. 2020. The circuit court found the state proved beyond a reasonable doubt that Nowicki had four prior IRTOs and would be sentenced as a chronic offender if the jury found him guilty of driving while intoxicated.

After trial, the jury found Nowicki guilty. The circuit court entered a judgment reflecting that guilty verdict and sentencing Nowicki as a chronic offender to five years in the department of corrections.[3] Nowicki appeals the circuit court's judgment, arguing the state failed to prove beyond a reasonable doubt that each of his four prior convictions qualifies as an IRTO; therefore, it was error to sentence him as a chronic offender.

**STANDARD OF REVIEW**

The state claims that, because Nowicki did not challenge the circuit court's finding he was a chronic offender in his motion for new trial, this Court can review his claim, if at all, only for plain error. This Court disagrees. A sufficiency of the evidence challenge, which is what Nowicki is asserting, does not need to be included in a motion for a new trial to preserve the claim for appeal. *See* Rule 29.11(d)(3) ("In jury tried cases, allegations of error to be preserved for appellate review must be included in a motion for

---

[3] Nowicki was also sentenced to 10 days' incarceration for failure to drive on the right half of the roadway and $100 fine for operating a motor vehicle without maintaining financial responsibility.

3

a new trial except for questions as to … the sufficiency of the evidence to sustain the conviction.").

The state argues the principle set out in Rule 29.11(d) applies only to claims that the evidence was insufficient to prove the elements of a crime but not to claims that the evidence was insufficient to prove facts enhancing the sentence. This distinction can matter in some circumstances,[4] but the state is incorrect that it should matter when deciding the applicable standard of review. First, there is nothing in Rule 29.11(d) suggesting such a limitation. The "conviction" referred to includes both the finding of guilt and the sentence imposed. Second, at least one of the reasons for not requiring a contemporaneous objection concerning sufficiency of the evidence (or requiring that ground be included in the motion for new trial) is that the state should have to carry its burden of proof without prompting from the defendant. There is no reason why this should be true regarding the state's obligation to prove the elements of the crime but not for the state's obligation to prove the facts necessary for a sentencing enhancement. The state's burden is the same. *See* § 577.023 ("A court shall find the defendant to be a … chronic offender if … [e]vidence is introduced that establishes sufficient facts pleaded to

---

[4] In *Ring v. Arizona,* 536 U.S. 584 (2002), and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the United States Supreme Court addressed the differences between sentencing enhancements and elements and held the jury must find both beyond a reasonable doubt. Excluded from these holdings were sentencing enhancements based on prior convictions, which the court may find. *Ring*, 536 U.S. at 609; *Apprendi*, 530 U.S. at 494. The holdings in *Ring* and *Apprendi*, as well as the exclusion for prior convictions, however, pertained only to the right to a jury trial, and neither case has anything to do with the applicable standard of review for an unpreserved sufficiency of the evidence claim.

4

warrant a finding beyond a reasonable doubt …."). Moreover, a sentence enhanced on insufficient evidence is no less repugnant to society than a conviction obtained on insufficient evidence. An appellate court must scrutinize either type of claim, perhaps more than any other type of claim raised on appeal, for merit. And that merits review must be conducted without the thumb-on-the-scale effect the plain error standard can impose. Accordingly, because Nowicki challenges the sufficiency of the evidence to support the sentencing enhancement he received, this Court need not employ plain error review.

When reviewing a claim challenging the sufficiency of the evidence, this Court must make a *de novo* determination whether the evidence is sufficient to permit a reasonable fact-finder to find the necessary facts beyond a reasonable doubt. *State v. Boyd*, 659 S.W.3d 914, 925 (Mo. banc 2023). In doing so, this Court will accept as true all evidence tending to prove those facts and will draw all reasonable inferences in favor of finding those facts. *State v. Collins*, 648 S.W.3d 711, 718 (Mo. banc 2022).

## ANALYSIS

Driving while intoxicated with no prior offenses is a class B misdemeanor. § 577.010.2(1). The sentence can be enhanced, however, if the state proves that the defendant has one or more prior IRTOs. § 577.010. If the state proves the defendant is a chronic DWI offender under section 577.010.2(5), the offense is enhanced to a class C felony. As relevant for this appeal, a chronic offender is a person who has been found guilty of four or more IRTOs committed on separate occasions. § 577.001(5)(a). An IRTO is defined as:

5

[D]riving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a state law, county or municipal ordinance, any federal offense, or any military offense, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense ….

§ 577.001(15). Therefore, the definition creates four categories of IRTOs:

(1) driving while intoxicated; (2) driving with excessive blood alcohol content; (3) driving under the influence of alcohol or drugs in violation of a county or municipal ordinance; and (4) operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense.

*State v. Shepherd*, 643 S.W.3d 346, 349 (Mo. banc 2022). The state bears the burden to prove beyond a reasonable doubt each IRTO on which it relies to enhance the present offense of driving while intoxicated. § 577.023.1(2).

This Court has held a prior conviction can qualify as an IRTO only "if the conduct involved constituted driving while intoxicated … as defined at the time of the current offense for which the state seeks enhancement, not the time of the conduct underlying the prior conviction."[5] *Shepherd*, 643 S.W.3d at 350. At the time of Nowicki's present offense, the definition of driving meant "physically driving or operating a vehicle." § 577.001(9). It does not include the alternative definition found in an earlier version of

---

[5] *Shepherd* was simply a matter of statutory construction, and the General Assembly has not overruled that construction. "[W]here a court of last resort construes a statute, and that statute is afterwards re-enacted, or continued in force, without any change in its terms, it is presumed that the legislature adopted the construction given to it by the court." *State v. Harris*, 675 S.W.3d 202, 205 (Mo. banc 2023) (internal quotation omitted).

6

the statute, i.e., of "merely being in 'actual physical control' of a vehicle." *Shepherd*, 643 S.W.3d at 349; *see also* § 577.001.1. Therefore, the state must prove each of Nowicki's potential IRTOs was for physically driving or operating a vehicle while intoxicated. Nowicki argues there was insufficient evidence to prove beyond a reasonable doubt that his 1986, 1990, or 1994 convictions[6] qualified as IRTOs because the state failed to prove these convictions were for "driving" while intoxicated as that term was defined at the time of his present offense.

This Court faced a similar issue in *Shepherd*, in which the Court considered whether the state's evidence (i.e., a certified copy of the defendant's Colorado driving record showing prior convictions for driving while impaired) was sufficient to establish IRTOs beyond a reasonable doubt. *Id*. at 349-53. The Colorado statutes Shepherd violated in the potential IRTOs criminalized both driving and merely being in physical control of a vehicle. *Id.* at 351. Therefore, "every one of [the defendant's] seven prior Colorado convictions, whether for 'driving' under the influence or while impaired, could have been for ***driving*** a vehicle in either condition or for being in actual physical ***control*** of a vehicle in either condition." *Id.* (emphasis in original). At the time of Shepherd's present offense, however, Missouri law criminalized only physically driving or operating the vehicle while intoxicated. *Id*. at 350.

---

[6] Nowicki concedes his 2005 conviction for driving while intoxicated is a qualifying IRTO and can properly be used to enhance his sentence because the definition of "driving" was the same in 2005 as it was at the time of his present offense.

7

This Court held Shepherd's Colorado driving record alone did not establish beyond a reasonable doubt that he was actually physically driving when he received four of the seven Colorado convictions[7]; therefore, those four convictions did not qualify as IRTOs. *Id*. at 352. The Court rejected the state's assertion that evidence of the convictions alone was sufficient evidence for the circuit court to infer the convictions were for physically driving as defined at the time of the present offense and not just actual physical control. *Id*.

The Court explained:

When the evidence is utterly silent about the existence or non-existence of some fact, and the finder of fact draws from such silence a conclusion about that fact, this is mere supposition or speculation. It is not an inference, and certainly not a reasonable inference.

*Id.* at 353 (internal citation omitted). The Court went on to clarify:

[T]he flaw in the state's case is not that the evidence gave rise to two equally likely inferences as to whether the conduct underlying the four Colorado convictions qualify as IRTOs under Missouri law at the time of the present offense. Had that been the case, the circuit court could draw whichever inference it was persuaded to draw. Instead, the problem is that the evidence in this case gave rise to no inference, and certainly no reasonable inference, on that issue with respect to four of the Colorado convictions.

*Id*. (emphasis omitted).

---

[7] The Court found three of the Colorado convictions were sufficient to prove beyond a reasonable doubt that Shepherd had been physically driving while intoxicated; therefore, those three convictions qualified as IRTOs. *Shepherd*, 643 S.W.3d at 352 n.11. Because there was evidence those three convictions involved accidents, this Court held the fact an accident was involved "breaks the silence as to whether the conviction was for driving or merely being in actual physical control and allows the circuit court to infer that the underlying conduct was the former." *Id.*

This case falls squarely under and is controlled by *Shepherd*. The state argues this Court should limit its holding in *Shepherd* only to cases in which the state relies on evidence of out-of-state convictions to establish qualifying IRTOs. The objective of this argument is obvious, but the logic underlying it is far less so. In fact, it is missing altogether. The holding in *Shepherd* was based on the fact that the law at the time of the prior conviction, no matter where it occurred, criminalized a broader range of conduct as "driving while intoxicated" than Missouri law did at the time of the present conviction for which the state seeks an enhanced sentence. That was so in *Shepherd*, and it is so here. The reasoning behind this Court's holding in *Shepherd* had nothing to do with the fact the convictions on which the state relied were out-of-state convictions, and this Court will not distinguish *Shepherd* on grounds immaterial to its holding.

Nowicki challenges the sufficiency of the state's evidence to prove his 1986, 1990, and 1994 convictions qualify as IRTOs. Under the definition of "driving" in effect at the time of Nowicki's current offense, the state must prove beyond a reasonable doubt that each of his prior convictions was for conduct in which Nowicki was actually physically driving. He claims the state failed to prove this fact, and this Court agrees.

Prior to the jury trial, the state offered various exhibits to prove Nowicki was a chronic offender, i.e., that he had at least four IRTOs. Section 577.023.4 states, "Evidence offered as proof of the defendant's status as a … chronic offender … shall include but not be limited to evidence of findings of guilt received by a search of records of the Missouri uniform law enforcement system … or the certified driving record maintained by the Missouri department of revenue." The state offered two Missouri

9

uniform law enforcement system ("MULES") records. Under section 577.023.4, these records were properly admitted.

The state argues section 577.023.4 not only makes MULES records admissible, but it also creates a rebuttable presumption that any conviction listed in such a record necessarily qualifies as an IRTO. This is incorrect. The plain language of this statute broadens the types of governmental records that can be used to prove prior convictions, but nothing in this statute addresses whether or what these records prove beyond the mere fact of the conviction. When, as here, additional evidence is needed to prove the conduct underlying the prior conviction would be punishable as "driving while intoxicated" under Missouri law at the time of the present offense, section 577.023.4 does not purport to provide that missing evidence by rebuttable presumption or otherwise. Specifically, by offering proof of the prior convictions and nothing more, the state failed to prove that conduct underlying Nowicki's 1986, 1990, and 1994 convictions involved him actually, physically driving a vehicle while intoxicated. Section 577.023.4 does not change that result.

To prove Nowicki's 1986 conviction qualifies as an IRTO, the state offered only (1) a memorandum from the Cooper County circuit clerk stating that court records from the 1986 conviction had been purged pursuant to local rule, and (2) a MULES record showing that Nowicki was arrested February 20, 1986, by the Boonville police department for a "local BAC offense," and that Nowicki was convicted of the charged offense on May 19, 1986, in municipal court. The state offered no evidence as to what the essential elements of the "local BAC offense" were, and the county or municipal

10

ordinance Nowicki violated was not offered into evidence. This evidence falls well short of proving beyond a reasonable doubt that Nowicki's 1986 conviction was for conduct that – at the time of Nowicki's current offense – would constitute "driving while intoxicated."

The state contends another MULES record showing Nowicki was convicted of a stop sign violation on the same day he was convicted of the "local BAC offense" fills the void because it shows the "BAC offense" and the stop sign violation occurred simultaneously. As a result, the state contends, the circuit court was permitted to infer Nowicki was convicted in 1986 for actually physically driving while intoxicated. The Court rejects this argument. Leaving aside that the state failed to prove what amount of blood alcohol the unidentified 1986 ordinance prohibited, the mere fact that Nowicki was convicted of both offenses on the same day says nothing about whether these two offenses were *committed* on the same day, let alone at the same time. Instead, it shows only that Nowicki was *convicted* of both on the same day. As a result, this evidence does not permit an inference that Nowicki was actually physically driving. Even though this Court's standard of review is deferential, neither this Court nor the circuit court is free to "supply missing evidence or give the state the benefit of unreasonable, speculative, or forced inferences." *State v. Langdon*, 110 S.W.3d 807, 811-12 (Mo. banc 2003). The result here, therefore, just as in *Shepherd*, is that the state's evidence of Nowicki's 1986 conviction is "utterly silent" as to whether the conduct underlying the conviction would constitute "driving while intoxicated" as defined in Missouri law at the time of Nowicki's

11

present offense. Accordingly, the state failed to prove Nowicki's 1986 conviction qualifies as an IRTO for purposes of enhancing his sentence.

To prove Nowicki's 1990 conviction qualifies as an IRTO, the state offered Nowicki's MULES record showing he was arrested by the MSHP for "Dwi-Alcohol" on July 22, 1990, and pleaded guilty to "excessive blood alcohol" in violation of section 577.012 on September 12, 1990. A circuit court docket sheet confirms this guilty plea. As was the case in *Shepherd*, Missouri law in 1990 defined "driving" for purposes of the "driving with excessive blood alcohol content" to include driving, operating, or being in actual physical control of a motor vehicle, § 577.001.1, RSMo 1986, but merely being in actual physical control of a vehicle has since been excluded from that definition. Therefore, like Shepherd, Nowicki could have been convicted of driving with excessive blood alcohol content in 1990 for conduct that, at the time of his present offense, does not constitute driving while intoxicated. Nothing in the state's evidence precludes that possibility because it fails to provide any basis for the circuit court to find the 1990 conviction was for Nowicki actually physically driving a vehicle rather than merely being in actual physical control of that vehicle. Accordingly, the state failed to prove Nowicki's 1990 conviction qualifies as an IRTO for purposes of enhancing his sentence.

Finally, to prove Nowicki's 1994 conviction qualifies as an IRTO, the state offered Nowicki's MULES record showing he was arrested by the MSHP for "Dwi-Alcohol" on June 12, 1994, and pleaded guilty to "excessive blood alcohol" in violation of section 577.012 on October 12, 1994. As with the 1990 offense, Nowicki could have been convicted of driving with excessive blood alcohol content in 1994 for

conduct that, at the time of his present offense, does not constitute driving while intoxicated. Because the state's evidence fails to prove the 1994 conviction was for Nowicki actually physically driving a vehicle with excessive blood alcohol content rather than merely being in actual physical control of that vehicle, the state's evidence is insufficient to prove the 1994 conviction qualifies as an IRTO for purposes of sentencing enhancement.

As with the 1986 offense, the state argues the circuit court could reasonably infer the 1994 conviction was for Nowicki actually, physically driving a vehicle with excessive blood alcohol content because his MULES report again shows Nowicki was convicted of a "stop sign violation" on the same day he pleaded guilty to driving with excessive blood alcohol content. As explained above, however, the MULES report proves only that the two convictions occurred on the same day. It does not prove, or provide any reasonable basis for inferring, that the convictions were for conduct occurring on the same day, far less at the same time. Accordingly, the state failed to prove Nowicki's 1994 conviction qualifies as an IRTO for purposes of enhancing his sentence.

**CONCLUSION**

For the reasons set forth above, the state failed to meet its burden of proving beyond a reasonable doubt that Nowicki had four or more prior convictions that qualify as IRTOs. Accordingly, because the circuit court erred in sentencing Nowicki as a chronic offender, the judgment of the circuit court is vacated, and the case is remanded for resentencing.

_____
Paul C. Wilson, Judge

Powell, Fischer and Ransom, JJ., concur;
Gooch, J., dissents in separate opinion filed;
Russell, C.J., and Broniec, J., concur in
opinion of Gooch, J.



**SUPREME COURT OF MISSOURI**
**en banc**

STATE OF MISSOURI,                       )
                                         )
    Respondent,          )
                                         )
v.                                       )          No. SC100041
                                         )
DAVID SCOTT NOWICKI,                     )
                                         )
    Appellant.           )

**DISSENTING OPINION**

I respectfully dissent. I would affirm the circuit court's judgment of conviction. The state presented sufficient evidence to prove beyond a reasonable doubt David Nowicki's sentence was subject to enhancement because he was a chronic offender in that his four Missouri prior convictions were qualifying intoxication-related traffic offenses ("IRTOs").

The principal opinion expands the holding in *State v. Shepherd*, 643 S.W.3d 346 (Mo. banc 2022), a case involving enhancement based on prior, out-of-state convictions, to apply to any Missouri defendant with a sentence subject to enhancement based only on

1

*Missouri* prior convictions for qualifying IRTOs. This expansion is not supported by the plain language of the relevant statutes or by common law.[1]

## Factual Background and Procedural History

The principal opinion sets out the relevant factual background and procedural history. The circuit court admitted five exhibits the state offered to establish Nowicki had four prior convictions in 1986, 1990, 1994, and 2005. As the principal opinion notes, Nowicki concedes his 2005 conviction qualifies as an IRTO because the definition of "driving" was the same in 2005 as at the time of his present offense. As to his other three convictions, Nowicki argues only that the state failed to prove beyond a reasonable doubt those convictions qualify as IRTOs. He offered no evidence to challenge the state's evidence and argues only that his Missouri prior convictions *might have been* for conduct not currently qualifying as an IRTO.

## Standard of Review

The principal opinion concludes Nowicki's claim is a sufficiency of the evidence challenge subject to *de novo* review even though Nowicki failed to include his claim in his motion for new trial. Assuming without deciding this is the correct standard of review, Nowicki's claim fails because the state met its burden of proof.[2]

---

[1] The dissenting opinion in *Shepherd*, 643 S.W.3d at 356-58 (Draper, J., dissenting), warned of this unsupported expansion of *Shepherd* to Missouri prior convictions.

[2] The state argues discretionary plain error review is the appropriate standard of review due to Nowicki's failure to preserve his claim in the circuit court. If plain error review is the appropriate standard of review, I would decline discretionary plain error review as Nowicki has not requested plain error review and has not alleged, let alone established, manifest injustice or miscarriage of justice warranting plain error review. *See Petersen v.*

## Analysis

In *Shepherd*, this Court considered Shepherd's Colorado driving record and whether his out-of-state convictions should be considered qualifying IRTOs to enhance a Missouri conviction. This Court held:

> In circumstances such as these (i.e., when the defendant was convicted in another state under a statute prohibiting both conduct that does meet the applicable definition of an IRTO in Missouri and conduct that does not), this Court holds that it is the state's burden to prove beyond a reasonable doubt not merely that this out-of-state conviction occurred but also that the conviction arose from conduct that meets the definition of an IRTO under Missouri law at the time of the present offense.

*Shepherd*, 643 S.W.3d at 351 (internal citation omitted).

In Nowicki's case, no out-of-state prior convictions are at issue. *Shepherd* is plainly distinguishable.[3] Nonetheless, the principal opinion declines to recognize the

---

*State*, 658 S.W.3d 512, 516-17 (Mo. banc 2022) (declining to employ plain error review when the defendant did not request plain error review or meet his burden of demonstrating manifest injustice). Even under a sufficiency of the evidence standard of review, this Court reviews "the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences." *State v. McCord*, 621 S.W.3d 496, 498 (Mo. banc 2021) (internal quotation omitted). The state presented evidence of four Missouri prior convictions facially qualifying as current IRTOs. Under this Court's standard of review, the present conviction should be affirmed because the state introduced evidence establishing "sufficient facts pleaded to warrant a finding beyond a reasonable doubt" that Nowicki is a chronic offender. Sec. 577.023.1(2). All statutory references are to RSMo 2016, including, as applicable, changes effective January 1, 2017, and all rule references are to Missouri Court Rules (2022).

[3] The principal opinion acknowledges this when it says "[t]his Court faced a similar issue in *Shepherd*[.]" This Court also declined to reach Shepherd's argument the language of section 577.001(15) permits only Missouri convictions to be used to prove habitual offender status. *Shepherd*, 643 S.W.3d at 349 n.6.

3

obvious distinction between *Shepherd* and this case, instead concluding "[t]he reasoning behind this Court's holding in *Shepherd* had nothing to do with the fact the convictions on which the state relied were out-of-state convictions[.]"[4]  In *Shepherd*, this Court had before it only prior Colorado convictions and, therefore, considered and decided only

---

[4] In *Shepherd*, this Court expressly overruled only those cases holding "the conduct underlying a prior out-of-state conviction must also constitute a crime under Missouri law in effect at the time of the present offense."  *Shepherd*, 643 S.W.3d at 351 n.10.  Had *Shepherd* sought to overrule an entire line of cases relating to Missouri IRTOs, it would not have done so *sub silentio*, and the principal opinion's expansion of *Shepherd* to these facts is inconsistent with this Court's preference not to overrule cases *sub silentio*.  *State v. Shegog*, 633 S.W.3d 362, 366 n.2 (Mo. banc 2021); *State v. Honeycutt*, 421 S.W.3d 410, 422 (Mo. banc 2013).  "Failing to state when precedent and established principles of law are no longer to be followed creates uncertainty and confusion in the law and all the more so when a decision overruling precedent *sub silentio* is extended beyond the period to which it expressly limited its holdings."  *Brock v. Dunne*, 637 S.W.3d 22, 40 (Mo. banc 2021) (Breckenridge, J., dissenting).  Examples of those cases not overruled by *Shepherd* or the principal opinion are *State v. Ellmaker*, 611 S.W.3d 320, 328-29 (Mo. App. 2020) (holding the state's evidence established a *prima facie* case Ellmaker had a sufficient number of prior convictions, requiring Ellmaker to introduce evidence the convictions did not occur or were for conduct no longer constituting an IRTO); *State v. Cordell*, 500 S.W.3d 343, 347 (Mo. App. 2016) (holding it was not unreasonable for the circuit court to infer a conviction for "driving while intoxicated" was a conviction for *driving* while intoxicated); *State v. Rattles*, 450 S.W.3d 470, 474 (Mo. App. 2014) ("When the legislature lists a particular source as authorizing the trial court to find the existence of a prior conviction, that source contains all the information necessary to prove the prior conviction."); *State v. Johnson*, 160 S.W.3d 839, 844 (Mo. App. 2005) (noting "[a]ppellant has never asserted, and does not now assert, that she was not convicted of the prior felonies" and concluding when "an [a]ppellant offers no evidence to rebut the prima facie showing of a prior felony conviction, the trial court may act in reliance upon that evidence"); and *State v. Thomas*, 969 S.W.2d 354, 357 (Mo. App. 1986) ("The Department of Revenue records, therefore, explicitly established that Mr. Thomas was twice convicted of driving while intoxicated.  If the Department of Revenue records were erroneous, it was incumbent on Mr. Thomas to introduce evidence establishing that no such convictions occurred.").

4

enhancement based on out-of-state prior convictions. The holding in *Shepherd* is justified because, when enhancement is sought based solely on out-of-state convictions, arguably there is a need for increased scrutiny. This need for increased scrutiny is absent when enhancement is sought based only on Missouri prior convictions. Further, such increased scrutiny is inconsistent with the plain language of the relevant statutes and common law.[5]

Section 577.023.4 sets forth what evidence may be offered to prove a defendant's chronic offender status. This statute provides "evidence of findings of guilt" from the Missouri uniform law enforcement system ("MULES") and the certified driving record maintained by the Missouri department of revenue are admissible evidence to establish a defendant's chronic offender status. Sec. 577.023.4.[6] The principal opinion does not

---

[5] Reasonable minds could differ as to whether increased scrutiny of prior out-of-state convictions is consistent with the relevant statutes and common law, but there is no need to abandon *Shepherd* to affirm Nowicki's judgment. *Shepherd* is binding precedent and remains Missouri law when enhancement is sought based solely on prior out-of-state convictions. Out-of-state convictions are distinguished in other situations under Missouri law. *See* sec. 302.160 (governing assessment of points for driver's license suspension or revocation based on out-of-state convictions); sec. 302.302.1(1) (governing number of points assessed for driver's license suspension or revocation based on out-of-state violations); sec. 490.130 (governing evidence of certified records of out-of-state judicial proceedings).

[6] By its plain language, section 577.023.4 contemplates evidence of records maintained by Missouri officials—records from the *Missouri* uniform law enforcement system, the driving-while-intoxicated tracking system maintained by the *Missouri* state highway patrol, or driving records maintained by the *Missouri* department of revenue. In *Shepherd*, no such records were at issue because the case involved only out-of-state records of prior convictions, so the Court had no reason to discuss and did not discuss section 577.023.4. Section 577.023.4 properly governs the analysis of the Missouri records here; therefore, *Shepherd* does not apply.

5

dispute the state offered and the circuit court admitted evidence of the type explicitly permitted by section 577.023.4 to prove Nowicki's chronic offender status, and Nowicki offered no evidence to rebut the state's proof. The analysis should end there. *See Johnson*, 160 S.W.3d at 842 n.4 ("Appellant, of course, offered no evidence at trial rebutting the [*prima facie*] showing of this prior conviction. *Prima facie* evidence is sufficient evidence to outweigh the presumption of innocence and if not met by opposing evidence to support a verdict of guilty." (internal quotation omitted)). There is no additional statutory requirement that the state prove the Missouri prior convictions were *not* for conduct *not* currently qualifying as an IRTO. "The primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." *Gross v. Parson*, 624 S.W.3d 877, 884 (Mo. banc 2021) (internal quotation omitted). "Legislative intent can only be derived from the words of the statute itself." *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). A statute's words are "taken in their plain or ordinary and usual sense[.]" Sec. 1.090. Further, "[u]nder the familiar maxim *expressio unius est exclusio alterius*, when a statute designates the persons or things to which it refers, courts should infer that all omissions are intentional exclusions." *Shepherd*, 643 S.W.3d at 348 n.2 (Breckenridge, J., concurring in part and dissenting in part).

Instead of following the plain language of the relevant statutes, the principal opinion quotes *Shepherd* for the proposition "a prior conviction can qualify as an IRTO only 'if the conduct constituted driving while intoxicated … as defined at the time of the current offense for which the state seeks enhancement, not the time of the conduct

6

underlying the prior conviction.'" But *Shepherd* cites no authority for this proposition, instead concluding:

> The enhancement provision in section 577.010.2(6)(a) and the definition provided in section 577.001(15) speak only at the time of the enhancement, i.e., at the time of Shepherd's present offense, and there is nothing in the plain language of section 577.001(15) suggesting otherwise. Accordingly, this Court holds that a prior conviction qualifies as an IRTO only if the conduct involved constituted "driving while intoxicated" (or another portion of the IRTO definition in section 577.001(15)) as defined at the time of the current offense for which the state seeks enhancement, not the time of the conduct underlying the prior conviction.

*Shepherd*, 643 S.W.3d at 349.

The difficulty with this analysis is that, of course, the enhancement provision in section 577.010.2(6)(a) and the definition in section 577.001(15) speak only to the time of enhancement because enhancement occurs only before the current offense's submission to the jury, as explicitly set out in section 577.023.2.[7] The plain words of the relevant statutes govern. *Rowe*, 63 S.W.3d at 650. Nowhere in any relevant statute did the General Assembly specify that the circuit court, as the entity charged in section 577.023.2 with making the chronic offender determination, must review every Missouri prior conviction to determine: 1) the elements of the offense at the time of the conviction, 2) whether those elements qualify or might qualify as an IRTO under current statutes, and 3) whether the offered proof not challenged by the defendant establishes a conviction (even a conviction occurring decades prior) meeting the current definition of

---

[7] In cases without a jury or upon a plea of guilty, the defendant's status as a chronic offender is determined by the court at any time prior to sentencing for the current offense. Sec. 577.023.3.

7

IRTO, all before enhancement is permitted. The principal opinion places burdens on the state and circuit courts not found in the plain language of the relevant statutes.

In fact, the General Assembly indicated its intent to make proof of prior convictions *less* burdensome when it adopted section 577.023.4, which specifies certain types of evidence permitted to be offered as proof of a defendant's prior offender status. Indeed, the principal opinion acknowledges this when it says: "The plain language of this statute broadens the types of governmental records that can be used to prove prior convictions[.]" *See also State v. Haskins*, 950 S.W.2d 613, 616 (Mo. App. 1997) ("Section 577.023 is clearly a legislative effort to address a matter of serious public concern, the repeat DWI offender. . . . [T]he purpose of this statute is to deter prior DWI offenders, whether convicted in municipal or state court, from repeating the offense and to severely punish those who ignore the deterrent message." (internal citation and quotation omitted)).

The principal opinion now requires the state to prove a Missouri prior conviction meets the current elements of an offense to qualify as an IRTO or, conversely, to prove a Missouri prior conviction was *not* for conduct *not* currently qualifying as an IRTO. This result is not supported by the plain language of the relevant statutes, is overly burdensome to the state and circuit courts, and makes enhancement through prior convictions qualifying as IRTOs unworkable in practice except possibly in those rare cases when prior convictions are so contemporaneous to the time of enhancement to

8

make the required proof possible.[8]  The principal opinion's imposition of new, additional requirements not found in the relevant statutes impermissibly disregards the statute's plain language about which Missouri prior convictions may be used for sentence enhancement.  Further, the principal opinion's result thwarts the General Assembly's efforts to keep Missouri citizens safe by keeping chronic offenders off Missouri roadways.[9]

---

[8] The state correctly notes a holding that the municipal ordinance at issue in Nowicki's 1986 conviction *may have* permitted conviction for conduct not currently qualifying as an IRTO likely requires the state to introduce the underlying municipal ordinance whenever enhancement is sought based on a municipal conviction.  This result makes the use of prior convictions based on municipal ordinances unworkable in practice, and this result is inconsistent with the plain language of the relevant statutes and the common law.  *See State v. Miller*, 153 S.W.3d 333, 340 (Mo. App. 2005) (finding "State's Exhibit 2 contained all of the information that would be entered into a MULES record concerning Defendant's municipal conviction for driving while intoxicated.  Simply put, the content of Springfield City Ordinance 106–205 would not be a part of that record," and concluding, "If Defendant believed ordinance 106–205 did not actually proscribe the act of driving while intoxicated in congruity with the then-existing requirements of section 577.010, it was incumbent on him to introduce evidence to that effect").

[9] The state argues, alternatively, even if this Court requires the state to prove Nowicki's convictions satisfied the now-current definition of IRTOs at the time of the convictions, this Court should utilize Rule 29.12 to amend the judgment to reflect Nowicki's status as an aggravated DWI offender because Nowicki does not challenge use of his 2005 conviction for enhancement, and the circuit court reasonably could conclude the 1986 and 1994 convictions involved driving a vehicle due to contemporaneous stop sign violations.  The principal opinion concludes evidence the stop sign convictions occurred on the same dates as the 1986 and 1994 convictions is insufficient.  Further, Nowicki argues it is not reasonable to assume the prosecuting attorney would have opened multiple cases for a DWI and a stop sign violation occurring on the same date.  But the state's exhibits indicate this is exactly what happened with regard to the 2005 conviction Nowicki does not challenge—the arresting agency issued two separate tickets one number apart for the DWI and the stop sign violation occurring contemporaneously, and the prosecuting attorney filed separate cases for each ticket.  The state's exhibits further reflect the 1986, 1994, and 2005 convictions and the 1986 and 1994 stop sign violations

**Conclusion**

The state presented sufficient evidence to prove beyond a reasonable doubt Nowicki is a chronic offender as defined in section 577.001(5) when it introduced Nowicki's four Missouri prior convictions qualifying as IRTOs as defined in section 577.001(15). Nowicki had the opportunity to prove his four Missouri prior convictions did not qualify as IRTOs, and he failed to do so. Instead, he did not challenge the state's proof and failed to raise the claim he now asserts in his motion for new trial. I would affirm the circuit court's judgment.

_____
Ginger K. Gooch, Judge

---

all involved the same arresting agency and the same circuit court. Under all of these circumstances evident from the record in the state's exhibits, it was not unreasonable for the circuit court to infer the 1986 and 1994 convictions involved physically driving a vehicle. Because this opinion concludes the state met its burden as to all four Missouri prior convictions, there is no need for an amended judgment or remand for resentencing. Therefore, this opinion does not reach Nowicki's argument concerning Rule 29.12.

10